UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| MATTHEW HOWE, | CASE NO. C17-5131JLR |
|---|---|
| Plaintiff, | ORDER REVERSING AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS |
| v. | |
| NANCY A. BERRYHILL, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Matthew Howe seeks review of the denial of his application for disability insurance benefits. Mr. Howe contends that the Administrative Law Judge ("ALJ") erred in evaluating the medical evidence in the record, the Department of Veterans Affairs ("VA") disability determination, Mr. Howe's severe impairments, and Mr. Howe's testimony, resulting in a residual functional capacity ("RFC") and step-five finding that were unsupported by substantial evidence. (Op. Br. (Dkt. # 10) at 1.) Having considered the submissions of the parties, the relevant portions of the record, and the applicable law,

the court REVERSES Defendant Commissioner Nancy A. Berryhill's ("the Commissioner") final decision and REMANDS the matter for an immediate award of benefits.

## II. BACKGROUND

On May 22, 2015, Mr. Howe protectively filed an application for disability insurance benefits. (Administrative Record ("AR") (Dkt. # 6) at 20.) Mr. Howe's application was denied initially and on reconsideration. (*Id.*) After the ALJ conducted a hearing on May 9, 2016, the ALJ issued a decision finding Mr. Howe not disabled. (*Id.* at 20-38.)

In her decision, the ALJ utilized the five-step disability evaluation process,[1] and the court summarizes the ALJ's findings as follows:

> **Step one**: Mr. Howe has not engaged in substantial gainful activity since April 6, 2015, the alleged onset date.
>
> **Step two**: Mr. Howe has the following severe impairments: post-traumatic stress disorder ("PTSD"), traumatic brain injury with mild cognitive disorder, degenerative disc disease, and knee bursitis.
>
> **Step three**: Mr. Howe does not have an impairment or combination of impairments that meets or equals the requirements of a listed impairment.[2]
>
> **RFC**: Mr. Howe has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except as follows. He can perform occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs, but no climbing ladders, ropes, or scaffolds. He must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. He must avoid even moderate exposure to hazards such as dangerous moving machinery and unprotected heights. He can perform simple tasks at a reasoning level one to three. He can have superficial

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

public contact, in that he can work around the public and interact briefly in activities that do not involve customer service, sales, or the potential for confrontations with the general public. He can adjust to occasional changes in a work setting.

**Step four:** Mr. Howe is unable to perform any past relevant work.

**Step five:** Because jobs exist in significant numbers in the national economy that Mr. Howe can perform, he has not been disabled from October 1, 2012, through the date of the decision.

(*See id.*) The Appeals Council denied Mr. Howe's request for review, making the ALJ's decision the Commissioner's final decision.[3] (*See id.* at 1-6.)

### III. ANALYSIS

Pursuant to 42 U.S.C. § 405(g), the court must set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

**A. Evaluation of the Medical Evidence**

Mr. Howe argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Cynthia Collingwood, Ph.D. (*See* Op. Br. at 4-9.) The court agrees.

Where the medical evidence in the record is not conclusive, resolving questions of credibility and conflicts in the evidence is solely the responsibility of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In resolving questions of

---

[3] The court omits the rest of the procedural history in this matter because it is not relevant to the outcome of this review.

credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ may also draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

In March 2016, Dr. Collingwood examined Mr. Howe and opined that Mr. Howe's impairments would prevent him from performing the following workplace tasks for up to 30% of an eight-hour workday: understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extended periods; performing activities within a schedule; maintaining regular attendance; being punctual within customary tolerances; making simple work-related decisions; completing a normal workday without interruptions from psychologically-based symptoms; performing at a consistent pace without unreasonable rest periods; interacting appropriately with the public; responding appropriately to changes in the work setting; and traveling in

ORDER - 4

unfamiliar places. (*See* AR at 2550-52.) Dr. Collingwood found that these limitations would ultimately result in Mr. Howe being off task more than 30% of a workday and being absent from work five days or more per month. (*See id.* at 2553.)

The ALJ gave little weight to Dr. Collingwood's opinion because it was inconsistent with treatment records showing that Mr. Howe's symptoms were situational and were managed with counseling and medication and because it was inconsistent with the range of activities that Mr. Howe was able to perform.[4] (*See id.* at 35.) These reasons are not supported by substantial evidence.

First, the ALJ found that despite "episodic situational exacerbations," treatment records and mental status examination ("MSE") results indicated that Mr. Howe's symptoms could be managed with counseling and medication compliance. (*See id.*) However, Dr. Collingwood had access to and reviewed all of the treatment records to which the ALJ referred. (*See id.* at 2545.) Dr. Collingwood specifically found that while Mr. Howe was showing some improvement and increased stability from treatment, "his cognitive deficits, which remain severe, are unlikely to improve significantly." (*See id.* at 2549.) She accordingly found that Mr. Howe had the aforementioned workplace limitations despite his counseling and medication regimen. (*See id.* at 2550-52.) By examining the same treatment record and determining that it was inconsistent with Dr. Collingwood's opinion, the ALJ improperly substituted her lay opinion for that of a

---

[4] The ALJ also stated that treatment records did not corroborate Mr. Howe's self-reports, but because the ALJ did not find that Dr. Collingwood improperly relied too heavily on Mr. Howe's self-reports in forming her opinion, the ALJ's statement does not constitute a reason to discount Dr. Collingwood's opinion. (*See* AR at 35.)

mental health professional. *See Gonzalez Perez v. Sec'y, Health and Human Servs.*, 812 F.2d 747, 749 (1st Cir. 1987) (ruling that an ALJ may not substitute her own opinion for the findings and opinion of a physician); *McBrayer v. Sec'y, Health and Human Servs.*, 712 F.2d 795, 799 (2nd Cir. 1983) (ruling that an ALJ cannot arbitrarily substitute her own judgment for a competent medical opinion).

Moreover, substantial evidence does not support the level of improvement or symptom management that the ALJ states. As noted by the ALJ, Mr. Howe presented with greatly increased anxiety symptoms and near-continuous panic attacks in early April 2015. (*See* AR at 24 (citing AR at 758-61).) Though his mood greatly improved and anxiety decreased after starting a new medication regimen, Mr. Howe was again "spending much time in bed" when his anxiety and panic attacks returned weeks later. (*See id.* at 739, 755.) In other treatment records in which Mr. Howe reported "improved" mood, Mr. Howe still indicated having panic attacks that resulted in physical symptoms that could last for over a week. (*See, e.g., id.* at 698-99, 729-30.) One month before the hearing, Mr. Howe continued to report increased PTSD symptoms with episodes of increased anxiety and irritability. (*See id.* at 2556.) Therefore, substantial evidence does not support that ALJ's finding that Mr. Howe experienced improvement on medication to the degree that Dr. Collingwood's opinion could be discounted.

Next, the ALJ noted that Mr. Howe engaged in a wide range of activities, such as going to the gym and going camping. (*See id.* at 35.) An ALJ may reject a physician's opinion on the basis that other evidence of the claimant's ability to function, including reported activities, contradicts that opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*,

ORDER - 6

169 F.3d 595, 601-02 (9th Cir. 1999). However, Mr. Howe actually testified that he camps no farther than an hour from his house because his panic and anxiety attacks cause him to leave early and without warning. (*See* AR at 74-75.) He stated that he missed several personal training sessions at the gym because of the difficulty of being there if more than one or two other people are at the gym at the same time. (*See id.* at 75-76.) This testimony tends to support, rather than contradict, Dr. Collingwood's opinion that Mr. Howe would struggle to maintain attendance and complete a normal workday or workweek without interruptions from psychologically-based symptoms. Therefore, the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount Dr. Collingwood's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). "[I]n each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* Therefore, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)). Here, because the ALJ improperly discounted Dr. Collingwood's opinion in assessing the RFC and found Mr. Howe capable of performing work based on that RFC, the error affected the ALJ's ultimate disability determination and is not harmless.

//

//

**B.     Evaluation of the VA Determination**

Mr. Howe argues that the ALJ erred by failing to provide a persuasive, specific, and valid reason for discounting the VA's disability determination in the record. (*See* Op. Br. at 9-10.) The court agrees.

Although a determination by the VA about whether a claimant is disabled is not binding on the Social Security Administration ("SSA"), an ALJ must consider that determination in reaching her decision. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. Furthermore, the ALJ "must ordinarily give great weight to a VA determination of disability" because of "the marked similarity" between the two federal disability programs. *See McCartey*, 298 F.3d at 1076. "The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework." *Id.* However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if [she] gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)).

Here, the VA's disability determination found Mr. Howe to have an overall rating of 90% disability, paid at the 100% rate because Mr. Howe was unemployable due to service-connected disabilities. (*See* AR at 203.) The ALJ gave the VA's determination only limited weight because the VA's determination uses a different standard of proof and because the VA's assessment did not take into account Mr. Howe's activities of daily living or Mr. Howe's improved condition. (*See id.* at 36.) However, the VA's different standard of proof is not in itself a sufficient reason to discount the VA's determination.

*See McCartey*, 298 F.3d at 1076. The different standard of proof is what allows an ALJ to give less weight to the VA's determination if she provides persuasive, specific, valid reasons for doing so that are supported by the record. *See id.* Next, as described above, the ALJ's characterization of Mr. Howe's daily activities and medical improvement is not supported by substantial evidence in the record. *See supra* § III.A. Therefore, the ALJ erred by discounting the VA's determination without providing a sufficient reason.

## C. Remand for an Award of Benefits

Mr. Howe alleges that the ALJ erred in several other areas. (*See* Op. Br. at 1.) However, considering the ALJ's errors in evaluating the medical evidence and the VA's determination, the final question requiring resolution is whether the court should, at its discretion, remand this case for further proceedings or for an award of benefits.

Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *See Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

//

>  (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *see also McCartey*, 298 F.3d at 1076-77.

First, as discussed above, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Collingwood's opinion and the VA determination. *See supra* § III.A., B.

Second, there are no outstanding issues that must be resolved. Dr. Collingwood, the only examining or treating physician in the record to offer a specific functional analysis, found that Mr. Howe's various limitations would ultimately result in Mr. Howe being off task more than 30% of a workday and being absent from work five days or more per month. (*See* AR at 35-36, 2553.) Non-examining state agency consultant Kent Reade, Ph.D., agreed that Mr. Howe may have occasional absences when under significant stress. (*See id.* at 119.) The VA's determination stated that Mr. Howe's mental health impairments prevented him from performing regular job functions because he would require frequent breaks with little notice and frequent absences from work. (*See id.* at 211.)

The only medical opinion in the record to which the ALJ gave significant weight in assessing the RFC was that of Mr. Howe's mental health counselor, Jennifer Jaqua, MSW. (*See id.* at 35.) However, the ALJ only gave significant weight to Ms. Jaqua's statement that while Mr. Howe could not perform his past work as a security guard, he "may still be able to sustain gainful employment in a different line of work." (*See id.* (citing *id.* at 749).) A medical source's ultimate opinion regarding whether a claimant

can work is not an appropriate factor in assessing the RFC, which determines the claimant's specific workplace functional restrictions. *See* 20 C.F.R. §§ 416.912(b)(7), 416.927(e)(1). Because a medical source does not apply the SSA's framework in forming such an opinion, the ultimate question of disability is reserved to the Commissioner after the application of the sequential evaluation process. *See id.*

Finally, crediting the improperly discounted opinions as true, Mr. Howe must be found disabled. The vocational expert testified that someone who would need to miss work more than two days a month would not be able to maintain employment. (*See* AR at 91.) The vocational expert also testified that a person with the RFC assessed who also would be off task for 20% of the workday could not maintain employment. (*See id.*)

Accordingly, the court finds that the record has been fully developed in this case, and that remanding for further proceedings "would serve no further purpose." *See Smolen*, 80 F.3d at 1292. Here, allowing the Commissioner to decide these issues again "would create an unfair 'heads, we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (noting that the "Commissioner, having lost this appeal, should not have another opportunity . . . any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings"). Because review of the record as a whole does not create serious doubt that Mr. Howe is

//

//

//

disabled, the court remands the case for an immediate award of benefits.

## IV.  CONCLUSION

For the foregoing reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for an immediate award of benefits.

Dated this 2nd day of October, 2017.

JAMES L. ROBART
United States District Judge